4887-0719-6420

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEALTH RIDE PLUS, INC., d/b/a Health Ride Plus, <br><br> Plaintiff, <br><br> v. <br><br> RIDE4HEALTH, LLC, d/b/a Ride4Health <br><br> Defendant. | Civil Action No. 3:21-cv-209 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Health Ride Plus, Inc., d/b/a Health Ride Plus ("Plaintiff"), by its undersigned counsel, respectfully sets forth this Complaint against Defendant, Ride4Health, LLC, d/b/a Ride4Health ("Defendant"), stating as follows:

## INTRODUCTION

1. This dispute arises from the wrongful and intentional acts of Defendant to infringe and profit from the trademark rights and commercial reputation belonging to Plaintiff under the Lanham Act, 15 U.S.C. § 1501, *et seq.*, and the Pennsylvania Trademark Act, 54 Pa.C.S.A. § 1101, *et seq*. Defendant has intentionally and willfully adopted and used a name nearly identical to Plaintiff's trademark for Defendant's own commercial use and profit. Defendant's deceptive use of that name has caused confusion and mistake among customers and has allowed Defendant to improperly capitalize on Plaintiff's good will. Plaintiff brings this action seeking equitable relief and damages because Defendant's acts violate Plaintiff's intellectual property rights.

## PARTIES

2. Plaintiff is a Pennsylvania corporation with its principal place of business at 406 Magnolia Street, Northern Cambria, Pennsylvania 15714.

3. Defendant is a Pennsylvania corporation with its principal place of business at 1536 Saw Mill Run Boulevard, Pittsburgh, Pennsylvania 15210.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a)-(b).

5. This Court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant with respect to the causes of action set forth below because Defendant resides in this District, has committed the acts complained of in this District, and threatens to purposefully commit further acts complained of in this District.

7. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

**I.     Background**

8. Plaintiff is a Northern Cambria-based transportation company that was formed on August 13, 1997. Plaintiff markets and provides to its customers non-emergency medical, recreational, and social transportation services throughout Cambria County, Pennsylvania, and surrounding areas. Plaintiff's geographic footprint extends beyond Pennsylvania and its customer base includes out-of-state residents.

9. Since 1997, Plaintiff has continuously and extensively used the name Health Ride Plus to identify its medical transportation services and distinguish them from those sold by others. To protect its trade name, Plaintiff applied for and obtained a trademark for the name Health Ride Plus through the Pennsylvania Department of State on May 13, 2021 (the "Mark"). The Mark was registered under Class 39 and has been assigned Entity Number 7299427. *See* Letter from Commonwealth of Pennsylvania, Department of State, attached hereto as Exhibit A.

10. Plaintiff has made use of the Mark by prominently displaying it, along with other places, on its website and Facebook page, in advertising, and on the driver- and passenger-side doors of vans used to transport medical patients. *See* https://healthrideplus.com/ (last accessed on November 22, 2021); *see also* https://www.facebook.com/healthrideplus (last accessed on November 22, 2021). As a result of that usage, Plaintiff has enjoyed considerable success in the sale of its services, and the public has come to know and recognize the Mark as exclusively identifying those services.

11. As a further result of Plaintiff's longtime efforts, the public—including individuals within this District—have come to recognize and rely upon the Mark to represent and symbolize the goodwill and business reputation that Plaintiff enjoys.

**II.     Defendant's Infringement of Plaintiff's Trademark**

12. Upon information and belief, in early 2021, Defendant began marketing and selling similar medical transportation under the nearly identical name Ride4Health and in the same geographic area as Plaintiff.

13. Defendant has marketed its services under the Ride4Health name on multiple social media pages, including Facebook and Instagram.

14.     The similarity between Plaintiff's Health Ride Plus trademark and Defendant's Ride4Health name is readily apparent, and has caused significant customer confusion, damaged Plaintiff's reputation, and diluted the value associated with the Mark. These injuries are the direct result of Defendant's infringing acts.

15.     Defendant's use of the Ride4Health name has caused consumers to believe, falsely, that Defendant's services are associated with or related to Plaintiff. For example, the following documented exemplary incidents of customer confusion have occurred:

a.      At a social gathering on July 3, 2021, Plaintiff's Director, Mark Prasko, was asked by a friend whether Plaintiff had modified its logo. The friend had in fact recently observed a Ride4Health van in Northern Cambria and remarked that the vehicle and logo were "just like" those used by Health Ride Plus. The friend was confused by this similarity.

b.      On July 14, 2021, a representative of Indiana Regional Medical Center contacted Plaintiff to schedule a return trip for a patient believed to have originally been transported to the facility by Plaintiff. Plaintiff advised the hospital that there was no record of the patient in its system. The hospital insisted that the patient had been transported to its facility by Health Ride Plus. However, after reviewing the patient's file once more, the hospital realized and acknowledged that transportation to the facility had actually been provided by Ride4Health. Plaintiff clarified that Ride4Health is not the same as Health Ride Plus.

c.      On July 24, 2021, a representative of Conemaugh Memorial Medical Center contacted Plaintiff to schedule transportation for a discharged patient. However, the patient was not previously registered with Health Ride Plus. The representative became upset and

insisted that it was Plaintiff who had originally transported the patient to the hospital. Plaintiff reiterated that the patient was not an established customer of Health Ride Plus. The hospital representative stated that the patient had been transported by either "Health Ride" or "Ride Health" and asked, "isn't that you?" Plaintiff advised the representative that the patient might have been transported by a different company.

      d.      On September 3, 2021, a female individual residing in the Hill District neighborhood of Pittsburgh called Plaintiff and requested to speak with a manager. The individual complained that Plaintiff's drivers never arrive on time and that she was "sick and tired of it." She repeatedly referenced Ride4Health and was informed that she had the wrong number.

      e.      On September 14, 2021, a dialysis center representative called Plaintiff asking when a vehicle would arrive to transport a patient home. Plaintiff advised the representative that, although it regularly transported the patient to the dialysis center in the mornings, no return trips were scheduled. The patient could be heard in the background of the call stating that the wrong number had been dialed, and that transportation was actually scheduled through Ride4Health.

      f.      On October 12, 2021, a representative of Conemaugh Ebensburg called Plaintiff asking when a vehicle would arrive to transport a patient home. The patient could be heard in the background of the call stating that transportation was actually scheduled

through Ride4Health.  The representative apologized and stated that he was unaware another company existed. [1]

    g.  On November 19, 2021, a customer in Johnstown, Pennsylvania, stopped one of Plaintiff's vans and requested that the driver contact the central office to determine the status of his scheduled ride.  When the driver called the office, no record of the ride or patient could be found.  The customer showed the driver his appointment card, and it was revealed that transportation had actually been scheduled with Ride4Health.

16.  The above examples are only a small subset of instances of confusion that have occurred on a weekly basis since the Defendant began to use and promote its infringing name.

### III. Injury to Plaintiff

17.  Defendant's use of the name Ride4Health entices customers to mistakenly use its services rather than those offered by Plaintiff.  The solicitation is made by utilizing a name strikingly similar to Plaintiff's Mark and wrongly appropriating the goodwill of Health Ride Plus by deceiving customers into believing that the offered services originate from Plaintiff.

18.  Placing Plaintiff's and Defendant's vans together for comparison reveals many significant similarities, including (1) the color of the vehicles, (2) the color pallete and placement of the logos, (3) the conjunctive use of the words "Health" and "Ride," (4) the placement of telephone numbers, and (5) the use of medical cross symbols:

---

[1] The examples at Paragraphs 15(b), (c), (e), and (f) reveal that Defendant's infringing acts have confused not only members of the general public, but also trained professionals whose job duties include coordinating patient transportation.





19.     As demonstrated above, the conjunctive use of the words "Health" and "Ride," in addition to the general visual similarities between the Plaintiff's and Defendant's vans, makes it very difficult for the public to determine which company's services are being offered.

20.     Defendant is not now, nor has it ever been, authorized or licensed to use Plaintiff's Mark in its advertising or on its vehicles.  Defendant knowingly uses a name nearly identical to Plaintiff's Mark for identical services to capitalize on the valuable and positive reputation and goodwill of the Mark.

21. Defendant's egregious infringement of Plaintiff's trademark has resulted in a false association between Plaintiff and Defendant and has misrepresented that Plaintiff actively promotes, sponsors, or is involved in the operation and/or management of Defendant's services.

**IV.     Pre-Suit Notice of Infringing Behavior**

22. On June 30, 2021, counsel for Plaintiff sent a Notice of Infringement of Health Ride Plus to Defendant, advising that Defendant's use of the name Ride4Health in connection with the sale of transportation services infringes on Plaintiff's rights by: 1) causing customer confusion, (2) damaging Plaintiff's reputation, and (3) disparaging the good will and diluting the value associated with the Health Ride Plus trademark.  Plaintiff demanded that Defendant cease and desist from any use of "ride" in connection with "health" or any other similar words or terms.

23. Thereafter, on July 6, 2021, counsel for Defendant responded to Plaintiff's letter via email, stating that Defendant maintained a registered federal trademark for Ride4Health. However, when pressed, counsel for Defendant admitted that no such registration had ever been issued.  Defendant's application was filed on an "intent to use" basis and no use had yet been shown.  Moreover, the application for trademark had been suspended because of a preexisting federal registration that also includes the words "ride" and "health" and covers the same transportation services offered by Defendant.

24. By email dated July 7, 2021, counsel for Defendant denied that use of the Ride4Health name infringes upon Plaintiff's trademark on the purported basis that it is unlikely to cause confusion.

25. However, based on the examples referenced above at Paragraph 17, multiple documented instances of customer confusion have already occurred.  Defendant's alternative

sequencing of the words "ride" and "health" has not obviated the actual confusion that has arisen from the similarities between the parties' respective names and services.

26. Because Defendant has refused to cease its infringing activities, Plaintiff continues to suffer actual damages and irreparable harm.

## COUNT I
## Trademark Infringement Under the Lanham Act

27. The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

28. Plaintiff is the owner of the entire right, title, and interest in and to the Mark and has all rights to sue for infringement of the Mark.

29. The Mark has become uniquely associated with, and therefore identifies, Plaintiff as the origin of certain services.

30. Plaintiff is engaged in interstate commerce because it markets and sells its services to customers both in and outside of Pennsylvania.

31. Defendant has used and is continuing to use the name Ride4Health in connection with the advertisement, promotion, and sale of non-emergency health transportation services, which directly infringes on the trademark rights exclusively owned and controlled by Plaintiff, without authorization, consent, or license to do so from Plaintiff.

32. Defendant's use of the name Ride4Health was intended to, has caused, and is likely to continue to cause, confusion, mistake, and deception among the public as to the origin of Defendant's transportation services, and is likely to deceive both consumers and healthcare professionals into believing that Defendant's services originate from, are associated with, or are otherwise authorized by Plaintiff.

33. Due to Defendant's acts of trademark infringement, Defendant has obtained direct and indirect commercial and financial benefits and profit it would not otherwise have realized but for its infringement of Plaintiff's Mark.

34. Plaintiff has suffered and will continue to suffer damages and irreparable injury as a result of Defendant's acts.

35. Defendant's acts constitute willful infringement of Plaintiff's Mark and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

36. Plaintiff is entitled to disgorgement of Defendant's profits and financial benefits directly and indirectly attributable to Defendant's infringement of Plaintiff's Mark in an amount to be established at trial.

37. Due to Defendant's acts of infringement, Plaintiff is also entitled to reasonable attorneys' fees and the costs of this action.

### COUNT II
### Trademark Infringement Under Pennsylvania Law

38. The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

39. Defendant's use of a name identical or nearly identical to Plaintiff's Mark for health transportation services has, and is likely to continue to, cause confusion, mistake, or deception as to the source of origin of Defendant's services, and is being carried out with knowledge or reckless disregard for the fact that such name is intended to be used to cause confusion or mistake or to deceive all in violation of Pennsylvania common law and 54 Pa.C.S.A. §§ 1123 and 1126.

## COUNT III
## Unfair Competition Under Pennsylvania Law

40.     The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

41.     The acts, conduct, and practices of Defendant described above constitute deceptive and unfair business practices in violation of 73 P.S. § 201-1, *et seq.*

42.     Defendant is a person engaged in the conduct of trade or commerce within the meaning of 73 P.S. § 201-1, *et seq*.

43.     As a direct and proximate result of the actions, conduct, and practices of Defendant alleged above, Plaintiff has suffered, and will continue to suffer, irreparable injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

a.     That Defendant, its agents, officers, servants, and employees be enjoined preliminarily and permanently from infringing Plaintiff's trademark in any manner, including but not limited to, using any trade name which may be calculated to falsely represent or which has the effect of falsely representing that the services offered by Defendant are sponsored by, authorized by, or in any way associated with Plaintiff;

b.     That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, plus any other monetary advantage gained by Defendant through its infringement, the exact sum to be proven at trial;

- 12 -

c. That Plaintiff be awarded enhanced damages, attorneys' fees, and costs in accordance with 15 U.S.C. § 1117(a); and

d. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**A JURY TRIAL IS DEMANDED**

Date: December 6, 2021

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By: */s/ David G. Oberdick*

David G. Oberdick, Esquire
Pa. I.D. No. 47648
Email: dgo@muslaw.com

535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
Phone – 412 456 2800
Fax – 412 446 2864

*ATTORNEYS FOR PLAINTIFF*
4887-0719-6420, v. 1